# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TAMMY S. THOMAS, | : |
|     **Plaintiff,** | :    Case No. 2:18-cv-108 |
| v. | :    JUDGE ALGENON L. MARBLEY |
| COMMISSIONER OF SOCIAL SECURITY, | :    Chief Magistrate Judge Deavers |
|     **Defendant.** | : |

## ORDER

This matter comes before the Court on the Magistrate Judge's February 15, 2019, **Report and Recommendation** (ECF No. 14), which recommended that Plaintiff's Statement of Errors (ECF No. 8) be **OVERRULED** and that the Commissioner's decision be **AFFIRMED**. This Court hereby **ADOPTS** the Report and Recommendation in its entirety based on an independent consideration of the analysis therein.

## I.    BACKGROUND

Plaintiff, Tammy S. Thomas, filed an application for disability insurance benefits on February 23, 2010, alleging the onset of her disability as June 30, 2008. (R. at 157). Plaintiff's application was denied and subsequently denied upon reconsideration. *Id.* Then, Plaintiff requested a *de novo* hearing before an administrative law judge ("ALJ"). *Id.* Plaintiff, represented by counsel, appeared and testified before ALJ Foley at her hearing on June 18, 2012. (R. at 157, 169). ALJ Foley found Plaintiff was not "disabled" within the meaning of the Social Security Act. (R. at 157-69). Plaintiff did not appeal this decision.

Plaintiff filed a second application for disability insurance benefits in February 2014, alleging disability onset as August 29, 2012. (R. at 288-89). Plaintiff's application was denied

1

and subsequently denied upon reconsideration. (R. at 174-200). Plaintiff requested a *de novo* hearing before an ALJ. (R. at 247-48). Plaintiff, represented by counsel, appeared and testified before ALJ Earnhart at the hearing on April 15, 2016. (R. at 121-53).

First, ALJ Earnhart discussed *Drummond* and its applicability to Plaintiff's claim. *Drummond* held that principles of *res judicata* require that where a plaintiff brings a claim that arises under the same title of the Social Security Act as a past claim on which there was a final decision by an ALJ or the Appeals Council, the Social Security Administration must adopt that previous final decision. *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997). The Social Security Administration must also affirm findings of claimant's residual functional capacity, the demands of a claimant's past relevant work, and additional evidence required under the sequential evaluation process for determining disability established in the previous proceeding. But, where there are changed circumstances from the first hearing, the *Drummond* rule does not apply. *See id.* Reviewing Plaintiff's second application, ALJ Earnhart noted that because there was new evidence of impairments that were not included during the first hearing, the findings made during the first hearing were not adopted as *Drummond* precedent. Thus, ALJ Earnhart was not bound by findings made by ALJ Foley in the first hearing.

In the ultimate decision denying disability benefits, ALJ Earnhart followed the required five-step sequential analysis for disability benefits claims. *See* 20 C.F.R. § 416.920(a)(4). At step one, ALJ Earnhart found Plaintiff met the insured status requirements through June 30, 2014, and Plaintiff did not engage in substantial gainful activity since the alleged onset date. At step two, ALJ Earnhart concluded Plaintiff had severe impairments including fibromyalgia; obesity; degenerative joint disease of multiple joints; degenerative disc disease of the lumbar spine with a

2

history of laminectomy and radiculopathy; migraine headaches; chronic obstructive pulmonary disease; syncope; sleep apnea; a depressive disorder; and an anxiety disorder (R. at 207).

At step three, ALJ Earnhart determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 14-17). However, ALJ Earnhart concluded, inter alia, that fibromyalgia can be identified as a medically determinable impairment if the medical evidence shows: (1) a history of widespread pain, (2) either at least 11 positive tender points, and (3) evidence that other disorders that could cause repeated manifestations of symptoms were excluded. (R. at 209).

At step four, ALJ Earnhart found claimant had the residual functional capacity to perform light work with a few exceptions. (R. at 211-12). At the final step, ALJ Earnhart concluded although claimant was unable to perform her past work-related activities, Plaintiff is capable of performing other jobs existing in significant numbers in the economy. (R. at 219-20). Ultimately, ALJ Earnhart found Plaintiff was not "disabled" within the meaning of the Social Security Act. (R. at 204-20).

The Appeals Council approved Plaintiff's request to review ALJ Earnhart's decision. (R. at 284-87). The Appeals Council determined ALJ Earnhart used the wrong date of last insured, and verified June 30, 2015 as the correct date last insured, not June 30, 3014. However, the Appeals Council concluded Plaintiff was not disabled even after reviewing evidence during the unadjudicated period. (R. at 1-9). Afterward, Plaintiff filed this suit in district court.

On February 15, 2019, the Magistrate Judge issued a Report and Recommendation recommending that this Court overrule Plaintiff's Statement of Errors and affirm the decision of the Commissioner of Social Security. (ECF No. 14).

Plaintiff objects to the Magistrate Judge's findings. Plaintiff's objection hinges on an evaluation performed by Dr. Chang. (R. at 118). This evaluation measured Plaintiff's ability to engage in work related activities on a day-to-day basis. *Id.* Plaintiff believes the results of this evaluation provide further insight into her abilities. (ECF No. 15). But these statements were signed after the date last insured. (R. at 118-19). Therefore, the Magistrate Judge did not consider Dr. Chang's statements in evaluating Plaintiff's claim. (ECF No. 14). Plaintiff argues the Magistrate Judge erred in finding the Appeals Council were justified in failing to consider Dr. Chang's statements.

## II. STANDARD OF REVIEW

Upon objection to a magistrate judge's report and recommendation, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). This de novo review, in turn, requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). Substantial evidence constitutes "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)).

## III. LAW AND ANALYSIS

### A. Medical Source Statement

Plaintiff objects to the Magistrate Judge's finding that the Appeals Council did not err in declining to review and consider Dr. Chang's opinions. Insured status is required to receive social security benefits. *McAfee v. Comm'r of Soc. Sec.*, No. 1:16-cv-1417, 2018 WL 1516846, at *4 (W.D. Mich. Mar. 28, 2018) (quoting *Garner v. Heckler*, 745 F.2d 383, 390 (6th Cir. 1984)). The end of an insured status is referred to as the "date last insured." Here, Plaintiff's date last insured was June 30, 2015. (R. at 5) ("[The] date of last insured is June 30, 2015."); (ECF No. 13) (". . .[T]he correct date last insured was June 30, 2015.") ("[T]he Appeals Council found the unadjudicated period was through the corrected date last insured of June 30, 2015. (R. 4-9)."). Thus, the date last insured was not July 21, 2015 as Plaintiff appears to argue. (ECF No. 15).[1]

Evidence of a disability obtained after the date last insured is usually unpersuasive. *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004) (noting when doctor spoke of disability that occurred during insured period after the relevant period, the opinion was not given significant weight due to a lack of support by relevant and objective evidence). Additionally, "post-expiration evidence must relate back to claimant's condition prior to the expiration of her date last insured." *Wirth v. Comm'r of Soc. Sec.*, 87 F. App'x 478, 480 (6th Cir. 2003) (citing *King v. Sec'y of Health & Human Servs.*, 896 F.2d 204, 205-06 (6th Cir. 1990)). Here, Dr. Chang's medical source is dated nearly one year after Plaintiff's date last insured. (R. at 118-19). Nothing in the record indicates Dr. Chang's medical opinion relates to something before the date

---

[1] Defendant in various documents refers to both June 30, 2015 and July 21, 2015 as dates last insured. (ECF Nos. 13, 15). Plaintiff only refers to June 30, 2015. (ECF No. 16). The medical opinions by Dr. Chang are dated after both of these dates. Despite the apparent confusion about the correct date, the difference is immaterial to the outcome here.

last insured. *Id.* It does not matter Dr. Chang treated Plaintiff previously: anything past the date last insured does not carry weight in a disability determination. Furthermore, it is unreasonable to believe a doctor would sign a patient's evaluation a year after the evaluation occurred.

Since evidence that is considered in a hearing must either occur before the date last insured or relate back before the insurance expired, and Dr. Chang's medical opinion qualifies as such evidence, it was appropriate to disregard his opinion. Thus, the Magistrate did not err in affirming the Appeals Council's decision not to consider Dr. Chang's statement.

## IV.     CONCLUSION

For the reasons set forth above, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**. The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation.

**IT IS SO ORDERED.**

                                                 s/ Algenon L. Marbley
                                                 **ALGENON L. MARBLEY**
                                                 **UNITED STATES DISTRICT JUDGE**

**DATED: June 7, 2019**